Prob12B
(7/93)

# United States District Court
## for the Northern District of New York

### Request for Modifying the Conditions or Term of Supervision
### with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*



U.S. DISTRICT COURT - N.D. OF N.Y.
**FILED**
FEB 10 2005
AT_____ O'CLOCK
Lawrence K. Baerman, Clerk - Syracuse

Name of Offender: Scott J. Brennan

Case Number: 5:00-CR-00580-001

Name of Sentencing Judicial Officer: Honorable Howard G. Munson, Senior U.S. District Judge

Date of Original Sentence: March 8, 2002

Original Offense: False Statement in Relation to Employee Retirement Income Security Act: 18 U.S.C. § 1027

Original Sentence: 3 years probation

Type of Supervision: Probation

Date Supervision Commenced: March 8, 2002

---

## PETITIONING THE COURT

[X] To extend the term of supervision for 2 years, for a total term of 5 years.
[X] To modify the conditions of supervision as follows:

1. Your term of probation shall be extended for two years. The new expiration date is March 7, 2007.

2. There is a reasonably foreseeable risk that you may engage in criminal conduct similar or related to the present offense or your past criminal conduct. Therefore, you are to submit a job description including salary information prior to accepting any position. Upon approval of the job, you shall provide the Probation Office with a complete written description of your job responsibilities obtained from company management or the human resources department. If at any time during your employment your responsibilities change, you will submit another complete written description of your new job responsibilities provided by the company management or human resources department.

3.  You shall supply a statement of earnings obtained directly by your employer at least monthly.

4.  You shall participate in a program of financial and credit counseling. The program shall be approved by the United States Probation Office.

## CAUSE

A confidential letter has been provided directly to the Court which includes confidential information. The following is a brief outline of the reason the U.S. Probation Office is asking for an extension of probation with added conditions.

On March 8, 2002, the offender was convicted of False Statement in Relation to Employee Retirement Income Security Act, 18 U.S.C. § 1027. He was sentenced to three years probation with the special conditions of $96,174.92 in restitution, 200 hours of community service, provide access to financial records to probation and prohibition from incurring new debt without permission from probation.

At the beginning of supervision, the offender appeared compliant with the conditions of probation. He was employed full time and was residing with his wife and his daughter. As time progressed, the offender's compliance with probation seemed to deteriorate and he became marginally compliant with the conditions of supervision. Examples of this was inconsistent restitution payments and irresponsible financial planning for everyday living expenses. Brennan was terminated from his employment and separated from his wife and child.

On July 22, 2003, after the termination from his employment, Brennan approached the probation officer and requested permission to obtain a $100,000 personal loan from a friend. He stated he would use $70,000 for the purpose of initiating a painters franchise and $30,000 to process an offer in compromise to the victim, Mutual of New York. The U.S. Probation Office authorized the loan for business purpose and requested the offender to pay $10,000 (which represented 10% of the loan) towards the restitution in compliance with the special condition of supervision that the restitution shall be paid in monthly installments of at least $400, or 10% of the gross income, whichever is greater. Brennan agreed with this directive, but requested the probation office's permission to use the expected $10,000 payment to negotiate a $30,000 offer in compromise with Mutual of New York. The U.S. Probation Office agreed with this request, but it was specified that if the offer was rejected or if it was not accepted within six months prior of the expiration of his probation, he would be expected to pay a lump sum of $10,000 towards the restitution account. Brennan agreed to comply with this agreement.

2

In November, 2004, it came to our attention that the corporation developed with Brennan and his friend failed to develop properly, and Brennan has subsequently resigned. There are allegations the offender took an authorized business loan of $5,000 on July 12, 2004 and possibly other loans without the authorization of the partner.

On December 22, 2004, Brennan was confronted with the information and he admitted to utilizing only $32,500 for business expenses and utilizing the rest of the money for personal expenses. At that time, he also admitted not having the $10,000 for either the compromise offer or the restitution, as previously agreed.

In a series of non-compliant behavior, Brennan has failed to fully comply with his conditions of probation. He has been untruthful on the Written Monthly Supervision Reports by failing to accurately disclose his monthly earnings and expenses. Brennan had the opportunity to engage in legitimate employment to further his earning capabilities and therefore, be in a better position to make the victim whole. That has not occurred. The offender has not made a restitution payment since October 1, 2004, and there is an outstanding restitution balance of $52,494.10.

This office respectfully requests the Court modify the conditions of probation to include two additional years of supervision and the additional conditions as listed on the petition. The purpose of the modification is to bring the offender into compliance and reduce risk to third parties by having regular contact with future employers, and by assisting the offender in developing an affordable lifestyle. The offender has agreed with this modification and has signed the Probation Form 49, Waiver of a Hearing to Modify Conditions of Supervision, which is enclosed. If the Court approves the modification, Probation Form 49 and Probation Form 12B will need to be filed with the Clerk's Office, with a certified copy returned to the Probation Office. If the Court would prefer a different course of action, please indicate below.

Respectfully submitted,

by _____

PAUL W. DeFELICE
Chief U.S. Probation Officer

Reviewed by:

_LORI ALBRIGHT_
Supervising U.S. Probation Officer

_LIANA SNYDER_
U.S. Probation Officer
Date: January 20, 2005

3

## THE COURT ORDERS
[ ] No Action
[X] The Extension of Supervision as Noted Above
[ ] The Modification of Conditions as Noted Above
[ ] Other

_____
Signature of Judicial Officer

Jan. 31, 2005
Date

PROB 49
NNYrev.9/02

Waiver of Hearing to Modify Conditions
of Probation/Supervised Release or Extend Term of Supervision

# UNITED STATES DISTRICT COURT
## for the
## NORTHERN DISTRICT OF NEW YORK

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By 'assistance of counsel,' I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the Court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. **I am fully aware this is only a proposal to the Court to address the alleged violation(s) and it is in no way binding upon the Court. The Court has the discretion to order a hearing which could result in a different sanction being imposed.** I agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

1. You term of probation shall be extended for two years. The new expiration date is March 7, 2007.

2. The Court finds there is a reasonably foreseeable risk that you may engage in criminal conduct similar or related to the present offense or your past criminal conduct. Therefore, you are to submit a job description including salary information prior to accepting any position. Upon approval of the job, you shall provide the probation office with a complete written description of your job responsibilities obtained from company management or the human resources department. If at any time during your employment your responsibilities change, you will submit another complete written description of your new job responsibilities provided by the company management or human resources department.

3. You shall supply a statement of earnings obtained directly by your employer at least monthly.

4. You shall participate in a program of financial and credit counseling. The program shall be approved by the United States Probation Office.

Witness: _____        Signed: _____
U.S. Probation Officer                                   Probationer or Supervised Releasee

_____                   04-19-05
Supervisor or Team Leader                                   Date

1